UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| KIMBERLY MICHELLE HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | Civil Action No. 7: 16-178-DCR |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant, | ) | |

***** ***** ***** *****

| | | |
|---|---|---|
| MARSHA FLO KIDD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | Civil Action No. 7: 16-220-DCR |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant, | ) | |

*** *** *** ***

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE DENIAL OF INJUNCTIVE RELIEF**

The plaintiffs in both of the above-captioned actions moved the Court to issue injunctive relief in their favor. [Plaintiff Hayden in Civil Action No. 7: 16-178, Record No. 22; and Plaintiff Marsha Kidd in Civil Action No. 7: 16-220, Record No. 23] A joint hearing was held on this date. No evidence or testimony was presented by the parties. At the conclusion of the hearing, the undersigned denied the motions in each case. This memorandum

-1-

supplements the oral findings and conclusions announced by the Court at the conclusion of today's hearing.

## I. BACKGROUND

Plaintiff Kimberly Hayden is from Johnson County, Kentucky, and claims to suffer from osteoarthritis, sciatica, dysthymia, and panic disorder (agoraphobia). Hayden was originally represented by attorney Eric Conn. She was awarded Supplemental Security Income following a favorable ruling by Administrative Law Judge ("ALJ") David Daugherty on October 8, 2010. Hayden was notified by a letter dated May 18, 2015, that the Social Security Administration would redetermine her entitlement to benefits based on reason to believe that fraud was involved in her application and subsequent award.

On April 14, 2016, ALJ Jerry Faust concluded that Hayden had not been under a disability from the alleged onset date. The Appeals Council affirmed this decision on June 7, 2016. Hayden filed her Complaint on August 11, 2016, alleging that the Commissioner violated her right to due process under the Fifth Amendment of the United States Constitution in redetermining her benefits, violated provisions of Social Security Act, and violated the Administrative Procedure Act. She also claims that ALJ Faust's decision was not supported by substantial evidence.

On January 13, 2017, the Commissioner moved for partial summary judgment based on this Court's decision in *Carter v. Colvin*, -- F. Supp. 3d --, Civ. A. No. 0: 16-17-DCR, 2016 WL 6794790 (E.D. Ky. Nov. 15, 2016) (finding that similarly-situated plaintiffs were not denied due process of law in the redetermination proceedings, and finding no statutory violations). [Record No. 18] On February 5, 2017, the plaintiff filed a motion to remand [No. 7: 16-178, Record No. 21], and a motion for a preliminary injunction [No. 7: 16-178, Record

No. 22]. Thereafter, on February 21, 2017, the Commissioner filed a motion to stay pending decision in the Sixth Circuit. [No. 7: 16-178, Record No. 28] And on February 23, 2017, the matter was stayed—save the plaintiff's motion for a preliminary injunction—pending the Sixth Circuit's resolution of the related appeals. [No. 7: 16-178, Record No. 29]

Plaintiff Marsha Kidd is also from Johnson County, Kentucky. Kidd suffers from a torn rotator cuff and impingement syndrome. She was also represented by attorney Eric Conn and was awarded Disability Insurance benefits and Supplemental Security Income following a favorable ruling by ALJ David Daugherty on January 16, 2007. Kidd was notified by a letter dated May 18, 2015, that the Social Security Administration would redetermine her entitlement to benefits based on reason to believe that fraud was involved in her application.

On May 23, 2016, ALJ William Wallis determined that Kidd had not been under a disability from the alleged onset date. The Appeals Council affirmed his decision on July 27, 2016. Kidd filed a Complaint on September 30, 2016, alleging that the Commissioner violated her right to due process under the Fifth Amendment of the United States Constitution in redetermining her benefits, violated provisions of Social Security Act, and violated the Administrative Procedure Act. She also claims that ALJ Wallis' decision was not supported by substantial evidence.

On December 15, 2016, the Commissioner moved for partial summary judgment based on this Court's decision in *Carter v. Colvin*, -- F. Supp. 3d - -, Civ. A. No. 0: 16-17-DCR, 2016 WL 6794790 (E.D. Ky. Nov. 15, 2016) (finding that similarly-situated plaintiffs were not denied due process of law in the redetermination proceedings, and finding no statutory violations). [No. 7: 16-220, Record No. 17] On January 9, 2017, the plaintiff filed a response in opposition to the motion for partial summary judgment [No. 7: 16-220, Record No. 22] and

a motion for a preliminary injunction [No. 7: 16-220, Record No. 23]. On February 23, 2017, the matter was stayed—save the plaintiff's motion for a preliminary injunction—pending the Sixth Circuit's resolution of the related appeals. [No. 7: 16-220, Record No. 29]

For the reasons stated in this Court's related October 6, 2016, Memorandum Opinion and Order denying injunctive relief [*See Carter v. Berryhill*, Ashland Civil Action No. 0: 16-017, Record No. 24; *Griffith v. Berryhill*, Pikeville Civil Action No. 7: 16-101, Record No. 34], and for the reasons discussed herein, the plaintiffs have not met the burden to obtain injunctive relief.

## II. DISCUSSION

In resolving the pending motions in these two cases, the Court incorporates in full the October 6, 2016, Memorandum Opinion and Order referenced above. As discussed in that opinion, preliminary injunctions are "extraordinary and drastic remed[ies] . . . never awarded as of right." *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 769 F.3d 447, 453 (6th Cir. 2014) (quoting *Munaf v. Geren,* 553 U.S. 674, 689–90 (2008)). A plaintiff seeking injunctive relief must show, either individually or in combination, that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor, and; (4) issuance of injunctive relief is in the public interest. *Platt*, 769 F.3d at 453 (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)).

### a. The Likelihood of Success on the Merits

As other plaintiffs have alleged in related proceedings, the plaintiffs in the present cases allege various grounds for relief, including violations of the Due Process Clause of the Fifth Amendment, violations of the Social Security Act, and violations of the Administrative

Procedures Act. In seeking injunctive relief, they rely heavily on assertions that the Commissioner failed to produce complete administrative records for the redetermination of their benefits. The plaintiffs point to the lack of an exhibit list from ALJ Daugherty's original favorable decisions as strong evidence of an incomplete record. Further, Kidd suggests a lack of "non-disability documents in the record[], except those that were generated by the Commissioner in its redetermination process." [No. 7: 16-220, Record 23-1 at 3] Hayden alleges that several "jurisdictional documents" were missing from the record and that the Commissioner provided a "reconstructed record." [No. 7: 16-178, Record No. 21 at 6] Hayden further points to the absence of documents from a successful continuing disability review in 2013-14. [No. 7: 16-178, Record No. 22-1 at 3]

In response, the Commissioner contends in convincing fashion that Kidd's complete file was submitted. Regarding Hayden, the Commissioner alleges that any record not reproduced, including continuing deniability evaluation records, were not relevant to the redetermination.

As the Court explained earlier and again during the hearing held this date, for the loss of administrative records to constitute a due process violation, those records must be vital to the plaintiff's claim. *See Wells v. Astrue*, No. CIV. A. 09-32-GWU, 2009 WL 5214488, at *1 (E.D. Ky. Dec. 23, 2009) (citing *Energy West Mining Company v. Oliver*, 555 F.3d 1211, 1270 (10th Cir. 2009)). But here, neither plaintiff identifies any record of substance that is missing from their file. The absence of an exhibit list is not proof that substantive evidence is missing, but may suggest that an exhibit list was never produced. To obtain preliminary relief, a plaintiff must show likely success on the merits of their claims. The plaintiffs establish nothing more than speculation.

### b. Irreparable Harm

The plaintiffs also contend that they have suffered irreparable injury; however, neither alleges in any detail what that harm entails. Hayden claims that her Medicaid insurance flows from her Social Security benefits, and Kidd alleges the same for her Medicare insurance. To be sure, the loss of health insurance may constitute *per se* irreparable harm, but only where the plaintiff alleges a critical need for healthcare. *See Carabillo v. ULLICO Inc. Pension Plan & Trust*, 355 F. Supp. 2d 49, 54 (D.D.C. 2004). Such claims are not made nor demonstrated in either case currently before the Court. Further, neither plaintiff alleges that the benefits they seek to have restored were their sole source of income.

### c. Balance of the Equities and the Public Interest

The plaintiffs have not distinguished themselves from other plaintiffs who sought but were denied preliminary injunctions based on the same legal arguments. Now, as before, the equites and public interest weigh against injunctive relief.

### III. CONCLUSION

For the reasons discussed in the Court's October 6, 2016, Memorandum Order and Opinion, and those further articulated here and during the hearing held this date, the plaintiffs fail to establish any of the necessary factors for injunctive relief. Accordingly, the plaintiffs' motions for injunctive relief have been denied. [No. 7: 16-178, Record No. 22; and No. 7: 16-220, Record No. 23] By operation of the February 23, 2017, Order entered in both actions, these matters are now **STAYED** pending the Sixth Circuit's decision in *Perkins* (6th Cir. No. 17-502), *Hicks* (6th Cir. No. 17-5206), or other substantially similar matters.

This 24th day of February, 2017.



Signed By:
Danny C. Reeves    DCR
United States District Judge